COURT OF CRIMINAL APPEALS
ABEL ACOSTA, CLERK
P.O. BOX 12308
CAPITAL STATION
AUSTIN, TEXAS 78711

RE: Applicant's Traverse to State's Response to Writ No: W12-71589-J(A)
with Request for Evidentiary Hearing to Show Cause AD LITEM.

Dear Clerk;

Please find within the above mentioned, please file and present these papers

to the appropriate court for a hearing and ruling.

Your assistance in this matter is greatly appreciated.

Rodney Foster
TDCJ# 1847709
815 12th St.
Huntsville, Texas 77348

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 02 2015

Abel Acosta, Clerk

WRIT NO. W12-71589-J(A)

EX PARTE                                §          IN CRIMINAL DISTRICT
                                        §          COURT NO.3
RODNEY J. FOSTER                        §          DALLAS COUNTY, TEXAS

## APPLICANT'S TRAVERSE TO STATE'S RESPONSE TO WRIT NO.W12-71589-J(A) [WITH REQUEST FOR EVIDENTIARY HEARING TO SHOW CAUSE AD LITEM]

Applicant Rodney J. Foster ("**Foster**"), now comes before this Honorable Court and presents this traverse, so that the Court willsee the merits in the above cause, and recommend that relief be given.

### STANDARD FOR GRANTING RELIEF

"A State-Court decision that correctly identifies the governing Legal rule, but applies it unreasonably to the facts of a particular prisoner's case certainly should qualify as a decision involving unreasonable application of clearly established state and federal law."

### MERITS OF GROUNDS

In light of the state's views and the decision it has presented regarding the above Writ of Habeas Corpus (11.07), Foster further presents clarification of his grounds, and respectfully asks this Honorable Court for further consideration of his cause by seeking equitable relief.

### GROUND ONE (VOID INDICTMENT)

The basis for Foster's contention that the Grand Jury has erroneously indicted him, in violation of his constitutional rights, under the wrong statute stems from the fact that Foster's appellate attorney asserted this claim as a basis for Foster's appeal. (See Direct Appeal No. 05-13-00390-CR). Foster's presumption is that his defense attorney, Peter Barret, had in fact preserved this defect before trial via motion. As without such vital evidences preservation, Foster's Appellate Attorney's claimwould be frivolous and unreasonable. As well as being detrimental to his appeal, not to mention that this would be a direct

(1)

violation of Texas Rules of Professional Conduct for Lawyers. Foster, who is unskilled at law, did not, nor did he even know to object to this defect, due to his reliance on his defense attorney's misadvise, about having been misled to believe that Peter Barrett had in fact preserved and properly protected his substantive and procedural rights, by timely filing all the proper motions needed to bolster his defense. Therefore, his waivier of preservation is the basis of Ineffective assistance of counsel, which prejudiced Foster.

Foster does not challenge the sufficiency of evidence that supports his conviction. His challenge is bases on "no evidence" not "insufficency of evidence", there is a difference between the two. No evidence is based on the fact that there is **no evidence** that is material that proves Foster commited the offense for which he has been convicted. Foster is aware that "sufficency of evidence claims" are not cognizable in post-conviction habeas proceedings, that is not Foster's argument. A thorough look at the record will indicate that there is no evidence that supports a conviction, accordingly this ground should not be denied, but further investigated. Foster requests that an evidentiary hearing be had to shine light on any of the things that are outside the record that support **no evidence.**

### GROUNDS TWO & THREE (INEFFECTIVE ASSISTANCE OF COUNSEL)

Foster's claims of ineffective assistance of counsel (**"IAC"**) is raised before the state court and is meritorious, therefore relief should be granted, as the court has the authority and prudence to judicously make an adequate, unbiased assessment of the claims set before them. Acting equitably and in the interest of justice, Foster asks this court to consider that Foster has suffered an egregious violation to his Sixth Amendment rights, evidenced by the fact that

(2)

Peter Barret failed in his duties to protect Foster's substantive and procedural rights by neglecting the legal matters that were entrusted to him by Foster. Peter Barret failed to visit him, nor did he spend a reasonable amount of time devising a viable defense theory or strategy, thereby creating a conflict of interest, and placed Foster under unnecessary mental stress. Further deficient performance was done by Peter Barret, when he persuaded Foster, using fraudulent coersion tacticts, to plead guilty and accept the plea bargin. He did this by falsely assuring Foster that the state actually had a weapon (gun), which they said was used by him, at the crime scene. This was done by showing Foster a picture of a gun during a visit with him. However, at the trial, no affirmative finding of a weapon was brought before the court as an exhibit nor was there any evidence of a weapon that belonged to, or was used by Foster. This clearly shows that Foster's hired attorney blaitantly lied to him in order to scare him into pleading guilty. The aforementioned unlawful actions taken by Peter Barret are in violation of Texas Disciplinary Rules of Professional Conduct Article X, Section 9. Peter Barret also broke the following Rules of Profession Conduct:

> Rule 1.01(b)(1) (In representing a client neglecting a legal matter intrusted to a lawyer. E.G. failed to file any timely motions in his clients defense.
>
> Failure to contact witnesses in a timely manner.
>
> Rule 1.01(b)(2) (In representing a client frequently failing to carry out the obligations owed to clients. E.G. Failed to discuss case with Foster in order to devise a viable defense strategy, thereby creatin conflict of interest and causeing Foster prejudice.

In white v. Roper 416 F.3d 728 (8th cir 2005), the Court found that trial counsel's decision not to call an interview witness was ineffective assistance. Although Peter Barret did call and interview a witness, the reasonable timing and delay should show this court

(3)

his dereliction of duties to his client under oath. Such significant decisions being unreasonably made has rendered Foster's trial counsel inadequate, as he has failed to exercise reasonable professional judgment, and his failure to provide adequate counsel as determined by the Sixth Amendment has prejudiced Foster by him being imprisoned unconstitutionally and without Due Process.

In light of the circumstances within Foster's case, it is apparent that Peter Barret's ineffectiveness was prejudice and harmful to Foster. There is most definately a reasonable probability that with adequate professional representation, foster would not have been convicted of aggrivated assault and sentenced to 20 years imprisonment. Although the right to reasonable effective assistance of counsel does not guarantee nor require errorless counsel, it does however, reqquire competency, integrity, and affirmative action. Counsel is also required to create and present sound trial strategy, to properly defend his client's rights, and not to create controversy or a fearful climate based on conflict of interest.

## CONCLUSION

Foster also believes (as does the state) that further factual investigation is necessary in this cause, and in doing so that discovery will be made which will both highlight and substantiate his meritorious grounds. Foster asserts that an improper summation has resulted in the court's inequitable decision to deny his grounds, therefore, he is now forthrightly providing insightful rebuttal and asking this Honorable Court for special consideration through unbiased eyes.

## PRAYER

WHEREFORE PREMISES CONSIDERED, and for the presentation of facts herein, Foster prays that this court grant his request for an evidentiary hearing, while taking in consideration of the evidence

(4)

that has been requested by the state, and so that an equitable, impartial, and correct evaluation can be made under "the eyes of justice". Foster prays for relief and that the cumalitive force of all facts presented can and will be exposed and considered under the most favorable circumstances.

## PRISONER'S UNSWORN DECLARATION

I, Rodney J. Foster, Applicant, do hereby declare under the penalty of perjury that the aforementioned statements are all true and correct to the best of my knowledge and belief.
Executed on October, 26, 2015.

Rodney Foster #1847709
Huntsville Unit A-3-17t
815 12th Street
Huntsville, TX   77348

## CERTIFICATE OF SERVICE

I, Rodney Foster, do hereby certify that a true and correct copy of the aforementioned document:APPLICANT'S TRAVERSE TO STATE'S RESPONSE TO WRIT NO.W12-71589-J(A) WITH REQUEST FOR EVIDENTIARY HEARING TOSHOW AD LITEM was placed in the prison mailbox recepticle to be mailed to the following addresses by U.S. First Class Mail, pre-paid on  *26 October*  ,2015.

Felicia Pitre
District Clerk
Frank Crowly Court Building
133 N. Riverfront Blvd. LB-12
Dallas, TX   75207-4300

Rodney Foster #1847709
Huntsville UNit
815 12th Street
Huntsville, TX   77348

(5)